IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.,     )
DENISE PAYNE,     )
    )
        Petitioner,     )
    )    No.    04 C 2448
       v.     )    Judge Robert W. Gettleman
    )
ALYSSA B. WILLIAMS,     )
    )
        Respondent.     )

**MEMORANDUM OPINION AND ORDER**

Following a bench trial in the Circuit Court of Cook County, petitioner Denise Payne was convicted of first degree murder. After pursuing an unsuccessful direct appeal, petitioner filed a petition for relief pursuant to the Illinois Post-Conviction Hearing Act, 725 ILCS 5/122-1 et seq., which was dismissed as being frivolous and patently without merit. On December 20, 2002, the Illinois Appellate Court affirmed. People v. Payne, No. 1-00-4120 (unpub. order under Supreme Court Rule 23), 336 Ill.App.3d 154 (1st Dist. 2002). The Illinois Supreme Court denied petitioner's petition for leave to appeal. People v. Payne, No. 95700. On October 6, 2003, the United States Supreme Court denied petitioner's petition for writ of certiorari.

On April 5, 2004, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner raises four issues: (1) the trial court erred in summarily dismissing her post-conviction petition since it presented the "gist" of a meritorious claim that trial counsel was ineffective for failing to present available evidence in support of her challenge to her confession; (2) her appellate counsel was ineffective on direct appeal for failing to argue that her sentence was excessive; (3) her sentence violated Apprendi v. New Jersey, 530 U.S. 466 (2000); and (4) Public Act 83-942 violates the single subject clause of the Illinois Constitution.

In respondent's answer to petitioner's petition for writ of habeas corpus, respondent concedes that petitioner has exhausted her state court remedies because the time for filing state court proceedings has expired, but argues that petitioner's claims are procedurally defaulted or otherwise not cognizable on federal habeas review. On July 9, 2004, the court entered a minute order directing petitioner to filed her response to respondent's answer on or before September 2, 2004. Petitioner has failed to file a reply. For the reasons stated below, the petition is denied.

## BACKGROUND[1]

Petitioner's conviction arose from the beating death of her five-year-old stepson on February 21, 1995. Following closing arguments, the trial court found defendant guilty of first degree murder. The State sought the death penalty and petitioner waived a jury for both phases of the capital sentencing hearing. After a death penalty hearing, the trial court found petitioner eligible for the death penalty because the victim was under 12 years old and his death resulted from exceptionally brutal and heinous behavior indicative of wanton cruelty. The trial court declined to impose the death penalty because petitioner did not have a significant criminal background, petitioner was beaten by her mother as a child, and petitioner was "operating under a high degree of stress at the time of this bearing." Noting that "[t]his is perhaps one of the worst beating cases, if not the worst beating case I have ever observed," the trial court imposed an extended-term sentence[2] of 80 years in prison.

---

[1]The following facts are based on the state appellate court's factual summary in People v. Payne, 336 Ill.App.3d 154 (1st Dist. 2002). Petitioner does not dispute any of the factual findings.

[2]In Illinois, the sentencing range for first degree murder is 20 to 60 years' imprisonment. 730 ILCS 5/5-8-1(a)(1)(a). If aggravating factors are present, the range is 60 to 100 years' imprisonment. 730 ILCS 5/5-8-2(a)(1), 5/5-5-3.2(b)(2).

**DISCUSSION**

Before the court may entertain the merits of a habeas petition, it must first inquire whether petitioner has, (1) exhausted all available state remedies, and (2) raised all of her claims during the course of her state proceedings.  Kurzawa v. Jordan,146 F.3d 435, 440 (7th Cir. 1998). If a petitioner fails to meet either of these requirements, the court may not reach the merits of her habeas claims.  Id.  Respondent concedes that petitioner has exhausted her available state remedies, but maintains that all four grounds of the instant petition are procedurally defaulted. The court agrees.

As the Supreme Court noted in O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999), "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" to preserve a claim for habeas review.  See also Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (failure to take claim through "complete round" of appellate process resulted in procedural default). Federal courts may review defaulted claims if the petitioner shows cause for failure to raise them at the appropriate time and actual prejudice that resulted from such failure, or if a fundamental miscarriage of justice would result from the failure to address the defaulted claims.  Rodriguez v. Scillia, 193 F.3d 913, 917 (7th Cir. 1999).

**I.      Ineffective assistance of trial counsel**

Petitioner's first claim, which she raised in her pro se petition for post-conviction relief and her appeal before the Illinois Appellate Court from the dismissal of her post-conviction petition, is that her trial counsel was ineffective in not establishing that the circumstances of the police interrogation, her limited education, and her medical conditions induced her into

confessing or otherwise prevented her from having the capacity to understand the meaning and effect of her confession. Respondent argues that this ground is procedurally defaulted because the Illinois Appellate Court found that petitioner failed to comply with a state procedural requirement that she provide evidentiary support for her post-conviction petition or an explanation why such support was not available.

Procedural default can occur when the state court declined to address a claim because the petitioner failed to comply with a state procedural requirement. Coleman v. Thompson, 501 U.S. 722, 729 (1991); Barksdale v. Lane, 957 F.2d 379, 382 (7th Cir. 1992). If the state court's decision on the procedural requirement rests on a state law ground that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. Coleman, 501 U.S. at 729. The Supreme Court in Harris v. Reed, 489 U.S. 255, 264 n.10 (1989), held that if the state court's decision rests on both a procedural default and a lack of merit, and the finding of default is clear, federal review is foreclosed.

In the instant case, the state court held that petitioner failed to comply with a state procedural requirement that the post-conviction petition be supported by attached affidavits, records, or other evidence, or the petitioner must offer an explanation for the absence of such documentation. Payne, 336 Ill.App.3d at 164. Petitioner did neither. The appellate court rejected petitioner's arguments that it would have been impossible for her to obtain an affidavit from her trial counsel admitting ineffectiveness and that the record sufficiently stated her claim of ineffectiveness. Id. at 165-166. Accordingly, the court held that petitioner was procedurally defaulted from raising this claim. The court also discussed the merits of petitioner's claim, and held that the record "actually refutes" petitioner's claim of ineffectiveness. Id. Although the

4

court examined the merits of petitioner's ineffectiveness of trial counsel claim, its finding of procedural default was clear. Under the Supreme Court's decision in <u>Harris</u>, this finding precludes federal review. 489 U.S. at 264 n. 10.

Even if the finding of default was not clear, and this court was thus permitted to review petitioner's claim, the appellate court's alternative holding that petitioner had failed to establish that counsel was ineffective was not "contrary to" and did not employ an "unreasonable application of" United States Supreme Court precedent, and was not premised on an unreasonable determination of facts. 28 U.S.C. § 2254(d)(1-2); <u>see also</u> <u>Weeks v. Angelone</u>, 528 U.S. 225, 237 (2000); <u>Coleman v. Ryan</u>, 196 F.3d 793, 795-96 (7th Cir. 1999).

Accordingly, petitioner's first ground for habeas corpus relief is denied.

**II.      Ineffective assistance of appellate counsel**

Petitioner's second ground is that her counsel on direct appeal was ineffective for failing to argue that her sentence was excessive. Petitioner concedes that she failed to raise this issue in her pro se post-conviction petition, but asks the court to review it as a matter of "fundamental fairness." Petitioner did raise the issue before the appellate court, which found that she had waived the claim and rejected petitioner's argument that it should review the issue under the state law doctrine of "fundamental fairness." <u>People v. Payne</u>, 336 Ill.App.3d at 170-171; <u>see also</u> <u>People v. Hudson</u>,195 Ill.2d 117, 123 (2001) (fundamental fairness requires review of waived claims only when a defendant shows cognizable "cause" for her failure to make timely objection and shows "actual prejudice" resulting from the error of which she complains).

Procedural default can also occur if a petitioner has failed to raise in state court the federal claim that she later attempts to assert as the basis for her federal habeas petition.

Wainwright v. Sykes, 433 U.S. 72, 87 (1997).  "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim."  Lewis v. Sternes, 390 F.3d 1019, 1026 (7th Cir. 2004); see also Baldwin v. Reese, 541 U.S. 27, 29 (2004).  If a petitioner has procedurally defaulted her claim, she may obtain relief only upon a showing of cause and prejudice for the default or upon a showing that a failure to grant her relief would work a fundamental miscarriage of justice.  Cause for default is ordinarily established by showing that some external obstacle prevented the petitioner from presenting her claim to the state courts.  Bintz v. Bertrand, 403 F.3d 859, 863 (7th Cir. 2005).  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Id.  In the instant case, petitioner does not argue actual innocence or otherwise suggest a fundamental miscarriage of justice.  Petitioner also fails to suggest any cause for her failure to raise the issue of ineffective assistance of appellate counsel in her post-conviction petition.

In addition, although petitioner did raise this claim in her appeal of the denial of her post-conviction petition, the appellate court found that the issue had been waived.  The appellate court also rejected petitioner's ineffective assistance of appellate counsel claim.  As discussed above, because the appellate court's clear finding of waiver rests on a state law ground that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted.  Coleman, 501 U.S. at 729.  This is true even though the court also discussed the merits of petitioner's claim.  See Harris, 489 U.S. at 264 n. 10.  Accordingly, petitioner's second ground for relief has been procedurally defaulted and cannot be considered by the court.

Lastly, as with petitioner's ineffective assistance of trial counsel claim, even if the state

appellate court's finding of default was not clear, and this court was thus permitted to review

petitioner's claim, the appellate court's alternative holding that petitioner had failed to establish

that counsel was ineffective was not "contrary to" and did not employ an "unreasonable

application of" United States Supreme Court precedent, and was not premised on an

unreasonable determination of facts.  28 U.S.C. § 2254(d)(1-2); see also Weeks v. Angelone, 528

U.S. 225, 237 (2000); Coleman, 196 F.3d at 795-96.

Accordingly, petitioner's second ground for habeas relief is denied.

## III.    Apprendi

Petitioner argues that the trial court's imposition of an extended-term sentence based on

its findings that the victim was under 12 years of age and his death resulted from behavior

indicative of wanton cruelty violates Apprendi v. New Jersey, 530 U.S. 466 (2000).  The

Apprendi Court held that "[o]ther than the fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and

proved beyond a reasonable doubt.  Id. at 490.  The Supreme Court decided Apprendi after

petitioner's sentence became final, and Apprendi does not apply retroactively in a collateral

proceeding.  See Berkey v. United States, 318 F.3d 768, 774 (7th Cir. 2003); citing Curtis v.

United States, 294 F.3d 841, 844 (2002), cert. denied. 537 U.S. 976 (2002) (Apprendi "does not

disturb sentences that became final before June 26, 2000, the date of its release.").

Accordingly, the third ground for petitioner's request for habeas relief is denied.

## IV.    Public Act 83-942

Petitioner's final argument is that Public Act 83-942, which amended the Illinois Post-

Conviction Hearing Act to permit the dismissal of certain post-conviction petitions prior to the appointment of counsel, violates the single subject clause of the Illinois Constitution. The Illinois Supreme Court rejected this argument in People v. Boclair, 202 Ill.2d 89, 108-13 (2002). More importantly, under 28 U.S.C. § 2254(a), a federal court may not entertain a petitioner's state law claims. See Conner v. McBride, 375 F.3d 643, 648 (7th Cir. 2004) (quoting 28 U.S.C. § 2254(a)) ("A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody 'in violation of the Constitution or laws...of the United States.'"). Because the question of whether a state statute violates the Illinois Constitution does not raise any question of federal law, petitioner's third ground for habeas relief is rejected. See Nitz v. Cox, 2006 WL 59367, at *3 (N.D.Ill. Jan. 4, 2006) (denying review of petitioner's claim that Public Act 83-942 violates Illinois Constitution).

## CONCLUSION

For the reasons stated above, the instant petition for writ of habeas corpus under 28 U.S.C. § 2254 is denied in its entirety.

**ENTER:      July 17, 2006**


_____
**Robert W. Gettleman**
**United States District Judge**